**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE:**

**LYNNE AI BUI,**

Debtor.

---

**LYNNE AI BUI,**

Appellant,

v.

Case No. 8:26-cv-00977-WFJ
Bankr. Case No. 8:23-bk-02914-RCT

**MARIA M. YIP, CHAPTER 7 TRUSTEE,**

Appellee.

---/

**OPINION**

This matter comes before the Court on *pro se* Appellant Lynne Ai Bui's appeal, Dkt. 1, of two Bankruptcy Court orders: (1) Granting Appellee's and Denying Appellant's Motion for Summary Judgment (the "Summary Judgment Order"), Dkt. 9-2, and (2) Sustaining Appellee's Objection to Appellant's Claimed Homestead Exemption and Denying Appellant's Motion to Allow Use and Claim the California Homestead Exemption (the "Exemption Order"), Dkt. 9-3. Upon consideration, the Court affirms the Bankruptcy Court's decision with respect to both orders.

**BACKGROUND**

The relevant facts leading up to this appeal reveal a pattern of Appellant altering the status of her primary residence throughout the various stages of the bankruptcy proceedings depending on, as the Bankruptcy Court aptly noted, "the winds of ruling." Dkt. 9-2 at 9.

On July 10, 2023, Appellant filed a petition, signed under oath, accompanying her voluntary Chapter 11 case, which listed her residence as 2325 50th Street Circle East, Palmetto, FL 34221 (the "Florida Property"). Dkt. 9-7 at 2. The petition stated that the Florida Property had been Appellant's primary residence since 2021. Dkt. 9-7 at 2. Appellant's initial bankruptcy schedule filed *pro se* on July 24 and 25, 2023, did not claim any property as exempt. Dkt. 9-11; 9-12.

Appellant's representations that the Florida Property was her primary residence and that she did not have any exempt property continued for the next year of bankruptcy proceedings. On August 9, 2023, during the first meeting of creditors, Appellant confirmed, under oath, that she established Florida residency in May of 2021. Dkt. 9-104 at 19–21. On January 12, 2024, Appellant, with the assistance of counsel, filed her first amended bankruptcy schedules which continued to not assert any exempt property. Dkt. 9-21. On March 8, 2024, in a written declaration signed under penalty of perjury, Appellant stated that the

Florida Property was her primary residence, and that property located at 20265 Debbie Ln, Saratoga, CA 95070 (the "California Property") was her secondary residence. Dkt. 9-28 at 3. On October 18, 2024, in another written declaration signed under penalty of perjury, Appellant reiterated her claim that the Florida Property was her primary residence while the California Property was her secondary residence. Dkt 9-49 at 3.

However, following Appellee's allegations in a motion that Appellant was attempting to prevent the sale of the California Property, Dkt. 9-48 at 2–6, and a resulting order by the Bankruptcy Court directing Appellant to vacate and turn over the property, Dkt. 9-53, on October 22, 2024, Appellant filed, for the first time, under oath and with the assistance of counsel, a Schedule C claiming a California Homestead Exemption for the California Property, Dkt. 9-50 at 1. Following this incident, Appellant continued to alter her claims regarding her primary residence.

On January 15, 2025, the day before a scheduled hearing on the Appellee's objection to Appellant's claimed California Homestead Exemption, the Appellant filed, under oath and with the assistance of counsel, an Amended Schedule C replacing the California Homestead Exemption for the California Property with a Florida Homestead Exemption for the Florida Property. Dkt. 9-58 at 1. Based on Appellant's removal of the asserted exemption to the California Property, the

Appellee withdrew her objection to Appellant's claimed California Homestead Exemption. Dkt. 9-60.

On March 26, 2025, in response to Appellee's objection to Appellant's claimed Florida Homestead Exemption on grounds, among others, that Appellant was allegedly renting out the Florida Property, Dkt. 9-63 at 3–5, Appellant argued that she, never abandoned, maintained an actual and legal residency in, and intended to return to, the Florida Property, Dkt. 9-67 at 2. Furthermore, Appellant's counsel represented at the hearing for the objection that Appellant "had bought the home with the intention of making it her forever home." Dkt. 9-104 at 24–25.

On June 17, 2025, in response to Appellee's motion for summary judgment on Appellant's claimed Florida Homestead Exemption, Dkt. 9-74, Appellant filed the Second Amended Schedule C replacing the Florida Homestead Exemption for the Florida Property with a California Homestead Exemption for $678,391.00 of the total net sales proceeds generated by the sale of the California Property, Dkt. 9-76 at 3, as well as a motion to allow use and claim the California Homestead Exemption (the "Exemption Motion"), Dkt. 9-79.

Appellee filed an objection to, Dkt. 9-81, and Appellee and Appellant both subsequently filed Motions for Summary Judgment on, Appellant's claimed California Homestead Exemption (the "pending motions"). Dkt. 9-104; Dkt. 9-110. Before the Bankruptcy Court ruled on the pending motions, Appellee filed a

motion to convert the case to a Chapter 7, Dkt. 9-114, which the Bankruptcy Court granted, Dkt. 9-116. Subsequently, the Bankruptcy Court issued the two orders currently on appeal and the Appellant filed a Notice of Appeal for both orders. Dkt. 9-135.

## STANDARD OF REVIEW

In reviewing a Bankruptcy Court's decisions, a "[d]istrict court[] sit[s] in an appellate capacity . . . ." *In re NRP Lease Holdings, LLC*, 50 F.4th 979, 982 (11th Cir. 2022). A district court reviews a Bankruptcy Court's factual findings for clear error and legal conclusions *de novo*. *See id.*

## DISCUSSION

### I. Conversion of Appellant's Chapter 11 Case to a Chapter 7 Did Not Require Appellee to Re-File Her Pre-Conversion Objection to Appellant's Claimed California Homestead Exemption for the California Property.

Appellant claims that conversion of her case to Chapter 7 nullified Appellee's pre-conversion objection to her claimed California Homestead Exemption. Dkt. 19 at 15–20. According to Appellant, since Federal Rule of Bankruptcy Procedure 1019(b)(3) restarts the objection period under Rule 4003(b) following a case's conversion to a Chapter 7, any pre-conversion objections to claimed exemptions are nullified and must be refiled within the time allotted under Rule 4003(b). Dkt. 19 at 15–18; Dkt. 26 at 1. Thus, since Appellee failed to refile her pre-conversion

objection, the California Property is exempt by operation of law under 11 U.S.C. § 522(l).

While Appellant correctly states that Rule 1019(b)(3) restarts the objection period under Rule 4003(b), her claim, namely, that this additional period to file objections post-conversion serves to nullify any pending objections made pre-conversion, is mistaken. Rule 1019(b)(3) was added to Rule 1019 to resolve a split among courts as to whether the new Chapter 7 trustee could file post-conversion objections to a debtor's claimed exemptions. *In re Tobkin*, No. 11-34669-BKC-LMI, 2012 WL 2196139, at *1 (Bankr. S.D. Fla. June 14, 2012). "[N]othing in the rule amendment suggests that the rights of the trustee in the converted case to file new objections annuls the objection to exemptions, if any, filed in the prior case." *Id.* (finding that a Chapter 7 trustee succeed to unresolved exemption objections filed by the Chapter 13 trustee).

Appellant also claims that, even if Appellee's pre-conversion objection to her claimed California Homestead Exemption wasn't nullified by Rule 1019(b)(3), it was mooted by the Bankruptcy Court's order converting the case to Chapter 7. Dkt. 19 at 19–20; Dkt. 26 at 2. According to Appellant, since the order states that "[a]ll other pending motions, applications, or requests for relief, not previously ruled upon are moot," Dkt. 116, Appellee's pre-conversion objection, which was pending

at the time the order was entered, was rendered moot. Dkt. 19 at 19–20; Dkt. 26 at 2.

Although Appellant's claim appears to have merit at first glance, a review of the record makes it clear that the language in the conversion order was intended to only address Chapter 11 specific matters that were no longer applicable to a Chapter 7 proceeding. Prior to entering the conversion order, the Bankruptcy Court denied as moot Appellee's Emergency Motion to Set Budget for Use of Estate Property and Approving Monthly Disbursements to Appellant in light of the conversion to a Chapter 7 case, Dkt. 115, but notably, refrained from doing so for either Appellant's Exemption Motion[1], or Appellee's Objection to, or Summary Judgment Motion for, the claimed exemption. *See* Dkt. 9.

For the aforementioned reasons, the Court finds that Appellee's objection to Appellant's claimed California Homestead Exemption for the California Property remained valid after conversion of the case to Chapter 7.

## II. The Bankruptcy Court Correctly Found That Appellant Was Equitably Estopped From Asserting a California Homestead Exemption for the California Property.

"[W]hen a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor

[1] The Court notes that adopting Appellant's proposed interpretation would have also mooted the Exemption Motion as it was pending at the time the order was entered.

misconduct warrant denial of the exemption." *Law v. Siegel*, 571 U.S. 415, 425 (2014) (citations omitted) (emphasis in original). Under California law, "equitable estoppel can be invoked to sustain objections to California exemptions." *In re Guevarra*, 638 B.R. 120, 129 (B.A.P. 9th Cir. 2022) (citing *In re Gilman*, 887 F.3d 956 (9th Cir. 2018)). The elements of equitable estoppel under California law, are as follows: (1) a representation or concealment of material facts; (2) made with knowledge, actual or virtual, of the facts; (3) to a party ignorant, actually and permissibly, of the truth (the "ignorance factor"); (4) with the intention, actual or virtual, that the ignorant party act on it; and (5) that the party was induced to act on it (the "reliance factor"). *See id.*

Appellant claims that the Bankruptcy Court erred in finding that the ignorance and reliance factors were satisfied. Dkt. 19 at 20–28; Dkt. 26 at 4–13.

As to the ignorance factor, Appellant claims that Appellee's status as a Trustee, and resources that accompany that position, as well as Appellant's previous conduct with regards to the California and Florida Properties, precluded the Bankruptcy Court from treating ignorance as undisputed. Dkt. 19 at 22–23; Dkt. 26 at 4–5.

However, in addition to physical occupancy, a valid homestead exemption under California law also requires an intent to reside at the property. *See In re Gilman*, 887 F.3d at 965; *see also In re Johnson*, No. BR 18-05407-LT7, 2019 WL

4570435 (Bankr. S.D. Cal. Sept. 19, 2019). Neither the Appellee's resources nor the Appellant's conduct would have allowed for a definitive determination regarding a subjective factor like where Appellant intended to reside. The only information available to Appellee to make that determination were Appellant's own declarations stating that intent, made under oath, which initially claimed an intent to reside in Florida, which was replaced by an intent to reside in California, which was itself replaced by intent to reside in Florida, which was ultimately replaced by an intent to reside in California.

As to the reliance factor, Appellant claims that since the steps taken to sell the California Property predate Appellant's first assertion of the California Homestead Exemption, and Appellant's most recent assertion of the California Homestead Exemption post-dates the Bankruptcy Court's Order authorizing the sale of the California Property, the record reflects no change as to the sale of the California Property attributable to any of her schedule amendments. Dkt. 19 at 20–21, 23; Dkt. 26 at 6–8. According to Appellant, this makes reliance a chronological impossibility. Dkt. 26 at 6.

However, the potential grounds for finding reliance are not limited to merely the sale of the California Property. Under California law, the "reliance [factor] requires [the Appellee to] change [her] position in reliance on something said or done by [Appellant], resulting in detriment or prejudice to [Appellee]." See *In re*

*Gonzalez*, 620 B.R. 296, 322 (Bankr. C.D. Cal. 2019). Appellant's repeated schedule amendments forced Appellee to withdraw her objection to the initial California Homestead Exemption claim and litigate the newly asserted Florida Homestead Exemption claim, before ultimately litigating the second California Homestead Exemption claim. See *In re Gonzalez*, 620 B.R. at 322-23 (finding reliance when a Debtor changed his claimed bankruptcy exemptions after the Trustee had incurred administrative expenses based on Debtor's previous representation).

For the aforementioned reasons, the Court finds that the Bankruptcy Court correctly found that the ignorance and reliance factors of equitable estopel were satisfied.

**CONCLUSION**

Accordingly, the Bankruptcy Court's Summary Judgment Order, Dkt. 9-2, and Exemption Order, Dkt. 9-3, are affirmed. The Clerk is directed to close the case and to transmit a copy of this order to the Clerk of the United States Bankruptcy Court for the Middle District of Florida.

**DONE AND ORDERED** at Tampa, Florida, on October 6, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:

Appellant, *pro se*
Counsel of Record